JAMES POOLEY (CA SBN 058041)
JPooley@mofo.com
JEFFREY E. DANLEY (CA SBN 238316)
JDanley@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Defendants
ADOBE SYSTEMS, INC. AND ADOBE
MACROMEDIA SOFTWARE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THINKVILLAGE-KIWI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS, INC. and ADOBE MACROMEDIA SOFTWARE LLC,<br><br>Defendants. | Case No. CV 08-4166 JL<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties hereto, Plaintiff THINKVILLAGE-KIWI, LLC, ("TVK") and Defendants ADOBE SYSTEMS INCORPORATED ("Adobe") and ADOBE MACROMEDIA SOFTWARE LLC ("Adobe Macromedia"), agree that certain documents and things, answers to interrogatories, and testimony will contain confidential business, technical, or scientific information,

WHEREAS the parties have in good faith conferred and have agreed upon the terms of this Protective Order; therefore

PURSUANT to Rule 26 (c) of the Federal Rules of Civil Procedure, the parties stipulate to the following Protective Order, subject to the approval of the Court:

IT IS HEREBY STIPULATED THAT:

1. All documents, materials, items, and/or information that contain or

comprise confidential commercial, research, or development information produced either by a party or by a nonparty to or for either of the parties shall be governed by this Protective Order.

2. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as (1) "Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" (collectively, "Confidential Material") under the terms of this Protective Order.

3. Information or materials may be designated as "Confidential" if a party has a good faith belief that the item so designated constitutes a trade secret or confidential commercial, research, or development information.

4. Information or materials may be designated as "Highly Confidential - Attorneys' Eyes Only" if the item so designated is of such a highly sensitive and/or trade secret nature that the risk of improper use arising from disclosure to another party clearly outweighs the right of that party to review the item. Such "Highly Confidential – Attorneys' Eyes Only" materials or information shall be limited to trade secrets and other highly sensitive technical and business information that has not been publicly released relating to a Party's products or services. Highly sensitive business information may include, for example, information related to product development, prospective marketing plans or programs, and financial data that have not been publicly released.

5. The designation of information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    A. in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony):

        i. By affixing the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" as appropriate, to each page containing any Confidential Material, at the time such documents are produced or such information is disclosed;

B. in the case of depositions:

i. during a deposition, the deponent or his counsel, or any other counsel of record, may invoke the provisions of this Protective Order by designating on the record that the testimony is "Confidential" or "Highly Confidential - Attorneys' Eyes Only"; or

ii. within five (5) business days after a deposition, by written designation sent by counsel to all parties;

iii. The parties shall treat such depositions as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as the case may be, unless and until the designating party withdraws the designation (or a portion of it) in writing.

iv. Any party may make a written request to produce a redacted version of a designated deposition transcript, in which case, within ten (10) business days of the later of (a) the receipt of such request and (b) receipt of a final version of such transcript, counsel for the designating party shall deliver to counsel for the other party written notice of the specific page and lines numbers and/or exhibit numbers that contain information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" so that counsel for the non filing party may provide appropriately redacted copies of the transcript and exhibits to individuals not approved for access to information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

v. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.

vi. If any document or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential document or information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

C. in the case of computer source code:

i. Computer source code (defined herein as computer source code or similar confidential programming statements and/or instructions that are converted into machine language by compilers, assemblers or interpreters) may be designated by affixing the following legend on the media itself (such as a label on a diskette, hard drive, DVD or CD-ROM): "Highly Confidential - Attorneys' Eyes Only - Computer Source Code." In this Order, references to and restrictions pertaining to "Highly Confidential - Attorneys' Eyes Only" material shall include and apply to "Highly Confidential - Attorneys' Eyes Only - Computer Source Code." Provisions for the custody of "Highly Confidential - Attorneys' Eyes Only - Computer Source Code" materials are set out below in Section 20.

6. Information or material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A. counsel of record for the parties to this litigation and their employees whose functions in connection with this litigation require access to such material;

    B. in-house counsel for Adobe: Ron Friedman and Karen Cottle. Mr. Friedman and Ms. Cottle agree to abide by the provisions of this Protective Order;

    C. consultants as defined in Paragraph 9 herein and pursuant to the provisions of Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;

    D. the Court;

    E. court reporters, videographers, interpreters, and translators employed in connection with this action;

    F. graphics, imaging, or design services retained by counsel for a party for purposes of preparing images of documents or demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon

compliance with Paragraph 10 herein;

        G.    jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein; and

        H.    any other person only upon order of the Court or upon written consent of the party or nonparty producing the Confidential Material subject to and conditioned upon compliance with Paragraph 10 herein.

7.    Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, characterized, or otherwise communicated or made available in whole or in part only to the persons listed in Paragraph 6 (on the same terms and conditions set forth therein) as well as to employees of the parties who have been informed of and consented to be bound by the terms of this Protective Order and whose assistance is needed by counsel for the purposes of this litigation.

8.    For purposes of this Protective Order, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee, and who is retained or employed as a consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

9.    The procedure for having a consultant approved for access to information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as follows:

        A.    The party seeking to have a consultant, as defined in Paragraph 8 herein, approved shall provide the other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers, testimony given in the last four (4) years, and persons or entities with whom the consultant has been engaged in any consulting relationships in the semiconductor and software industry, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

        B.    Within five (5) business days after hand delivery of the information and signed undertaking described above by the party seeking approval, the other party may object to the person proposed for approval. Any such objection must include a

-5-    [PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 08-CV-41664

statement of the basis for objection.

C. If the other party so objects, the parties shall, within five (5) business days from the date of hand delivery of the notice of objection, confer and attempt to resolve the dispute. At such conference the objecting party shall inform the party requesting approval of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then, within five (5) business days from the date of the conference or within ten (10) business days from the date of the of notice of objection, the objecting party may move the Court for an order that access to information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" be denied to the designated person. These time periods are not to restrict either party from moving for a court order earlier if the circumstances so require. During the objection process described herein, no information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be shown to the consultant.

10. No person listed in Paragraphs 6(C), 6(F), 6(G) or 6(H) above, may be given access to any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" without first completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Counsel of record shall retain original executed copies of the signed undertakings of consultants, graphics, imaging or design services, or trial consulting services retained by each party. Access to "Confidential" information or material will be limited to individuals identified in Paragraph 7. Access to "Highly Confidential - Attorneys' Eyes Only" information or material will be limited to the individuals identified in Paragraph 6.

11. Any person who is not otherwise qualified under Paragraphs 6 or 7 to view information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," respectively, may be examined as a witness during a deposition or at trial concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had received or authored before and apart from this action. During deposition or at trial, any witness may be shown information or material designated as

"Confidential" or "Highly Confidential - Attorneys' Eyes Only" which appears on its face or from other documents or testimony to have been received by or authored by that witness, or communicated to that witness by the designating party.

12. Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" material.

13. A party may challenge any other party's designation of information or materials produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to the Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

14. All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above as persons properly having access thereto.

15. All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

16. Entering into, agreeing to, and/or producing or receiving information or

material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

  A. operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

  B. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

  C. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or privileged;

  D. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

  E. prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

  F. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

  G. prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

18. Nothing in this Protective Order shall restrict any counsel from advising its client with respect to this action, and from relying in a general way upon an examination of

material designated pursuant to this Protective Order in giving such advice, provided, however, that in giving such advice and communicating with the client, counsel shall not specifically disclose the contents of any "Highly Confidential - Attorneys' Eyes Only" material.

19. If a party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as Confidential Material under this Protective Order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this Protective Order, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons and to limit any further disclosure to non authorized persons.

20. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise not discoverable, said producing party shall promptly upon discovery of such inadvertent disclosure so advise the receiving party in writing and request that the item or items of information be returned. The receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) business days of the earliest of (a) discovery by the receiving party of the inadvertent production, or (b) receiving a written request for the return of such item or items of information. Such inadvertent production shall not constitute a waiver of the protections available under the Federal Rules of Civil Procedure.

21. Materials designated as ""Highly Confidential - Attorneys' Eyes Only - Computer Source Code" shall be handled in the following manner:

21.1 Storage and Copying of Computer Source Code: Because of the highly sensitive nature of computer source code and because of the ease with which electronic media may be copied, transported, or stolen, computer source code may not be copied or stored by any person permitted to have access to the same (an "authorized person"), except as expressly permitted herein.

-9- [PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 08-CV-41664

        (a)     When a Producing Party produces computer source code in electronic form (e.g., on diskette, hard drive, CD-ROM, DVD, etc.), no authorized person may copy such computer source code onto any form of removable electronic media (such as diskettes, CD-ROM, DVD, PC card, flash media, etc.), or network servers, except to the extent loaded into RAM, virtual RAM, or the hard drive of a "stand-alone" non-networked computer, as required by a computer's operating system for viewing or analysis purposes.

        (b)     To reduce the possibility of theft by, for example, a computer "hacker," an authorized person may only view, analyze or otherwise use a Producing Party's computer source code on a computer that, at the time of such viewing, analysis or other use, is completely "stand alone" and not linked to any network, including without limit a local area network ("LAN"), an intranet or the internet. In the event that the authorized person's computer is normally connected to such network, the computer must be disconnected from that network at such times that the computer source code is actually being viewed, analyzed or otherwise used.

        (c)     The computer source code must always be removed from the computer when it is not currently being viewed, analyzed or otherwise used, and at such times of no-use, the computer source code shall securely be stored in a location accessible only to authorized persons, apart from the computer, so that should the computer be lost or stolen, the computer source code will remain safe.

        (d)     At the time an authorized person uses a computer to view, analyze or otherwise use a Producing Party's computer source code, that computer must remain within the direct control of that person.

        21.2     Excerpting Computer Source Code: An authorized person may excerpt portions of a Producing Party's computer source code onto paper or electronic media (such as into an electronically stored brief) for the purpose of creating submissions to the Court, for presentation at hearings or at trial, for use as deposition exhibits in connection with the deposition of a Producing Party's witness, for use in responding to a Producing Party's discovery requests, for use in infringement contentions pursuant to the Local Patent Rules, or for analysis related to these purposes, but only if the following provisions are satisfied.

        (a)     The Receiving Party shall exercise due care to excerpt computer source code onto paper or electronic media only to the extent that it is genuinely necessary for the above purposes. Any and all such computer source code excerpts shall be marked "Highly Confidential – Attorneys' Eyes Only – Computer Source Code."

        (b)     If a Producing Party's computer source code is to be copied electronically into a brief for submission to the Court, or otherwise for presentation at as hearing or at trial the Receiving Party shall exercise due care to excerpt computer source code onto paper or electronic media only to the extent that it is genuinely necessary for such purposes. Any such submitted brief shall be marked "Highly Confidential – Attorneys' Eyes Only – Computer Source Code" and access thereto shall continue to be limited to authorized persons. In the event that such brief or presentation is stored electronically on a computer network, it shall be password protected so as to limit access to authorized persons.

      21.3     Transporting Computer Source Code: A Producing Party's computer source code may not be transported in any way except as follows:

        (a)     It may be transported only at the direction of an authorized person to another authorized person;

        (b)     It may be transported only on paper or removable electronic media (e.g., diskette or CD-ROM) via hand carry, Federal Express or other similarly reliable courier. If transported on removable electronic media, the information contained in the computer source code must be encrypted using at least 128-bit encryption;

        (c)     The information contained on computer source code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet or the Internet.

        (d)     The above rules shall apply as well to the transport of computer source code excerpts except that excerpts inserted into documents prepared by a party's counsel or at his or her direction (such as briefs and expert reports) may be stored on a server maintained by counsel and made available over a LAN so long as the documents in which such excerpts have been inserted are password-protected.

1       21.4    Transporting a Computer Containing Computer Source Code: No
2  computer containing a copy of a Producing Party's computer source code or computer source
3  code excerpts, whether loaded into its RAM or onto its hard drive or other storage media of the
4  computer, shall be transported until such copies are purged from the computer, so that should the
5  computer be lost or stolen, the computer source code shall remain safe.
6       22.     For purposes of the discovery of electronic files and data, the parties agree
7  to be governed by the Federal Rules of Civil Procedure and associated Advisory Committee
8  Notes related to electronic discovery that went into effect on December 1, 2006. All data, files,
9  and communications that, in the ordinary course of business, are recorded in electronic media
10 (including, but not limited to, electronic mail and attachments, word processing files, and
11 spreadsheets) may be produced in native file format as long as each such native file format is
12 "reasonably usable" as provided by Federal Rule 34 and explained by the 2006 Advisory
13 Committee Notes, in TIFF format with corresponding load files, or in PDF format. Additionally,
14 the electronic documents will be marked with appropriate production numbers and confidentiality
15 designations. All data, files, and communications that, in the ordinary course of business, are
16 recorded in other media (microfiche, paper, etc.), shall be produced as either image files (e.g.,
17 PDF or TIFF) or as paper files. The media to be used in the production of electronically stored
18 information shall be hard drive (HDD), CD-ROM, or DVD-ROM. The parties will informally
19 attempt to meet and confer with any non-party (or counsel, if represented) from whom any
20 electronically stored information is requested, to discuss the issues of format, media, burdens, and
21 costs.
22      23.     Each of the parties hereto shall be entitled to seek modification of this
23 Protective Order by application to the Court.
24      24.     The parties agree to be bound by the terms of this Protective Order pending
25 its entry by the Court.
26      25.     The provisions of this Protective Order shall, absent written permission of
27 the Producing Party or further order of the Court, continue to be binding throughout and after the
28 conclusion of this action, including without limitation any appeals therefrom. Except as provided

below, within forty five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall destroy such material and all copies thereof including summaries and excerpts. Such destruction shall be certified by each party in writing. Counsel described in Paragraph 6(A) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts and exhibits, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any other person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

26. In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

27. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall give prompt written notice, by hand or facsimile transmission to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only," shall object to production to the extent permitted by law, and shall

1 cooperate with the producing party in such objection. Should the non-party seeking access to the
2 information or material take action against the party or anyone else covered by this Protective
3 Order to enforce such a subpoena, demand or other legal process, the party shall respond by
4 setting forth the existence and terms of this Protective Order. Nothing herein shall be construed
5 as requiring the party or anyone else covered by this Protective Order to challenge or appeal any
6 order requiring production of information or material covered by this Protective Order, or to
7 subject itself to any penalties for noncompliance with any legal process or order, or to seek any
8 relief from this Court.
9 ////
10 ////
11 ////

IT IS SO STIPULATED:

DATED: December 23, 2008

        MORRISON & FOERSTER LLP

By: /s/
   James Pooley
   Jeffrey Danley
   Attorneys for Defendants
   ADOBE SYSTEMS INCORPORATED and
   ADOBE MACROMEDIA SOFTWARE LLC

DATED: December 23, 2008

        NIRO, SCAVONE, HALLER & NIRO LLP

By: /s/
   David J. Mahalek
   David J. Sheikh
   Gregory P. Casimer
   Laura Kenneally
   Attorneys for Plaintiff
   THINKVILLAGE-KIWI, LLC

DATED: December 23, 2008

        DAVIS WRIGHT TREMAINE LLP

By: /s/
   Martin L. Fineman
   Attorney for Plaintiff
   THINKVILLAGE-KIWI, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2008    _____
                                      Honorable Susan Illston
                                      Northern District of California

-15-    [PROPOSED] STIPULATED PROTECTIVE ORDER
            Case No. 08-CV-41664

**GENERAL ORDER 45 ATTESTATION**

I, James Pooley, am the ECF User whose ID and password are being used to file the Stipulated Protective Order. In compliance with General Order 45, X.B., I hereby attest that David Mahalek and Martin Fineman have concurred in this filing.

By: _____/s/_____
James Pooley

-16-  [PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 08-CV-41664

**EXHIBIT A**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I acknowledge that I have read and I understand the Protective Order governing Confidential Material entered in this action and hereby agree to abide by its terms and conditions. I acknowledge that the Protective Order provides that I may not become an employee or paid consultant to the receiving party for purposes unrelated to this litigation for a period of one year following the resolution of the litigation. I am not currently an employee or paid consultant of the receiving party for purposes unrelated to this litigation. As a condition to access by me to information designated by the producing party as Confidential Material, I subject myself to the jurisdiction of the Federal Court for the Northern District of California in connection with any alleged breach by me of the Protective Order in this case. I understand that any such violation may subject me to penalties for contempt of court and/or civil damages.

DATED: _____

_____
Signature

_____
Name Printed

_____
Street Address

_____
City, State