IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THINK VILLAGE-KIWI, | No. C 08-04166 SI |
|     Plaintiff, | **ORDER RE: PLAINTIFF'S DISCOVERY REQUEST** |
|   v. | |
| ADOBE SYSTEMS, INC. and ADOBE MACROMEDIA, LLC, | |
|     Defendants. | |

Plaintiff ThinkVillage-Kiwi LLC has filed a letter brief asking the Court to compel defendants to supplement their responses to interrogatories propounded by plaintiff.[1] Specifically, plaintiff asks the Court to 1) compel further responses to Interrogatories Nos. 3, 4, and 6, *see* Pl. Letter Br., ex. B, and 2) order defendants to provide information it purportedly agreed to provide by May 19, 2009.

<u>Interrogatories</u>

In Interrogatory No. 3, plaintiff asks defendants to state the basis for their affirmative defense that plaintiff's alleged trade secret information was readily ascertainable. In Interrogatory No. 4, plaintiff asks defendants to identify sources other than Donavan Poulin (plaintiff's Rule 30(b)(6) witness) from which defendants learned of plaintiff's trade secrets. Defendants contend that they cannot provide more complete responses to these interrogatories because plaintiff has not yet adequately defined the alleged trade secrets. According to defendants, the formal trade secret description submitted

---

[1] Plaintiff also asks that the Court compel defendant to provide the information it agreed to provide at the meet and confer. The Court agrees with defendant that this request is premature. If defendant has not provided the information in a reasonable period of time, plaintiff may seek the Court's intervention. Until then, it is not the Court's place to enforce the terms of a meet and confer agreement.

by plaintiff pursuant to Cal. Code Civ. Proc. § 2019.010 is insufficient and defendants must take plaintiff's 30(b)(6) deposition in order ascertain the precise nature of the purported trade secrets. It appears that the parties have agreed that Mr. Poulin's deposition shall be taken on April 1 and 2. While it is not clear that defendants will glean any new information from this deposition, the Court will allow defendants to wait until after the deposition to supplement their answers to Interrogatory Nos. 3 and 4. Defendants are ordered to supplement their responses to these interrogatories **within 10 days of the taking of plaintiff's 30(b)(6) deposition**.

Plaintiff's Interrogatory No. 6 asks defendants to identify, *inter alia*, where materials displayed by defendants at the "Sneak Peeks" presentation at a conference in 2005 came from. Defendants responded that John Mayhew developed the Sneak Peeks presentation over a two to four week period in 2005, and that he developed the presentation by "collecting material from one or more presentations made to customers." Plaintiff objects that this answer is not sufficiently specific. The Court agrees: defendants fail to identify which customers made the presentations to defendants and when in 2005 the "two to four week period" occurred. It appears from defendants' letter brief, however, that defendants have already agreed to provide this information to plaintiff. The Court therefore need not intervene in this dispute at this time.

Order of compliance

The Court DENIES plaintiff's request to enforce an agreement reached by counsel for defendants to provide information. If defendants fail to provide this information and if the parties are unable to resolve the dispute through the usual meet and confer process, plaintiff may seek the Court's intervention.

**IT IS SO ORDERED.**

Dated: March 6, 2009

SUSAN ILLSTON
United States District Judge