1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THINK VILLAGE-KIWI, LLC,                          No. C 08-04166 SI

        Plaintiff,                          **ORDER GRANTING PLAINTIFF'S**
                                     **MOTION FOR LEAVE TO AMEND ITS**
   v.                                        **COMPLAINT**

ADOBE SYSTEMS, INC and ADOBE
MACROMEDIA SOFTWARE LLC,

        Defendants.
                                                 /

      Plaintiff has filed a motion for leave to amend its complaint.  The motion is scheduled for hearing on April 3, 2009.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.  Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion.

**BACKGROUND**

      On September 3, 2008, ThinkVillage-Kiwi ("TVK" or plaintiff) filed suit against defendants Adobe Systems, Inc. and Adobe Macromedia Software LLC (collectively, "Adobe"), alleging misappropriation of trade secrets, unfair competition, breach of contract, and breach of fiduciary duty. Defendant answered the complaint on September 24, 2008.  TVK now moves to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a) in order to add causes of action for common law misappropriation and breach of confidence.

//

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs the amendment of complaints.  Rule 15(a) states that if a responsive pleading has already been filed, the party seeking amendment may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules.  *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962).  Accordingly, the Court must be generous in granting leave to amend a complaint.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Once a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the defendant to demonstrate why leave to amend should not be granted.  *Genentech*, 127 F.R.D. at 530-31 (citing *Senze-Gel Corp. v. Sieffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)); William W. Schwarzer et al., *Federal Civil Procedure Before Trial*, § 8:415, at 8-75 (1991).  There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint.  *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).  An amendment is considered futile where the added claim could be defeated by a motion to dismiss or for summary judgment.  *See Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989).

**DISCUSSION**

Adobe argues that TVK's proposed amendments would be futile because the claims TVK seeks to add are preempted by California's Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 *et seq*.  A statute supersedes common law only when the legislature intends that the statute "cover the entire subject or . . . occupy the field."  *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985).  Specifically, "the enactment of 'general and comprehensive legislation, where course of conduct,

**United States District Court**
For the Northern District of California

1   parties, things affected, limitations and exceptions are minutely described, indicates a legislative intent

2   that the statute should totally supersede and replace common law dealing with the subject matter.'"

3   *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003) (quoting

4   *Safeco*, 39 Cal. 3d at 285).

5       CUTSA "has been characterized as having a 'comprehensive structure and breadth.'"  *K.C.*

6   *Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 954 (2009) (quoting

7   *AccuImage*, 260 F. Supp. 2d at 953).  "At least as to common law trade secret misappropriation claims,

8   '[C]UTSA occupies the field in California.'"  *Id.* (quoting *AccuImage*, 260 F. Supp. 2d at 954).  By its

9   own terms, CUTSA "does not affect (1) contractual remedies, whether or not based upon

10  misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of

11  a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret."

12  Cal. Civ. Code § 3426.7(b).  "Section 3426.7 thus 'expressly allows contractual and criminal remedies,

13  whether or not based on trade secret misappropriation.'"  *K.C. Multimedia*, 171 Cal. App. 4th at 258

14  (quoting *Trade Secrets Practice in California* § 11.35 (Cont. Ed. Bar 2d ed. 2008)).  "At the same time,

15  § 3426.7 implicitly preempts alternative civil remedies based on trade secret misappropriation."  *Id.*

16  (citing *id.*).

17      Plaintiff does not dispute that its proposed common law claims are preempted to the extent that

18  they are based upon misappropriation of trade secrets.  Plaintiff argues, however, that it should be

19  allowed to plead common law misappropriation and breach of confidence as alternative theories that

20  will proceed only if the Court finds that the allegedly disclosed information is both protectible and is

21  not a trade secret, as defined by CUTSA.  Defendants respond that CUTSA preempts any common law

22  claim sharing a common nucleus of fact with a CUTSA claim for misappropriation, even if the

23  misappropriated information is not a trade secret.

24      The Court agrees with plaintiff that defendants' current argument  –  that the "trade secret"

25  allegations are preempted by CUTSA – contradicts their primary defense that TVK's information does

26  not constitute "trade secrets."  *Accord Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*,

27  295 F. Supp. 2d 430, 437 (D. Del. 2003).  Defendants "cannot have it both ways."  *Id.*  In *First*

28  *Advantage Background Servs. Corp. v. Private Eyes, Inc.*, the court rejected precisely defendants'

3

**United States District Court**
For the Northern District of California

1    argument, holding that "[b]y its own terms . . . CUTSA only provides remedies for misappropriation of

2    *trade secrets*, not of any confidential information, and defines that term specifically." 569 F. Supp. 2d

3    929, 942 (N.D. Cal. 2008) (emphasis in original).  *First Advantage* held that if the confidential

4    information allegedly disclosed was proved to be a trade secret, the common law claim would be

5    preempted.  The claim could proceed, however, "so long as the confidential information at the

6    foundation of the claim is not a trade secret, as that term is defined in CUTSA.  If, in subsequent

7    pleadings or briefs, or at trial, it is established that the disclosures on which [counterclaimant] bases this

8    claim were trade secrets, the claim will be dismissed with prejudice." *Id.*  The Court finds that *First*

9    *Advantage* provides a reasonable way to proceed in this case: plaintiff may amend its complaint to add

10   common law claims for misappropriation and breach of confidence; these claims will not survive if

11   plaintiff successfully argues that the information in question is a trade secret.

12          The cases cited by defendants do not require a contrary result.  Other courts have determined that

13   CUTSA preempts common law claims that are based on the "same nucleus of fact" as trade secret

14   misappropriation.  *See K.C. Multimedia*, 171 Cal. App. 4th at 261 (finding "no reasoned basis for

15   allowing common law claims to go forward whenever they seek 'something more' than trade secret

16   relief"); *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (CUTSA

17   preempts common law claims that are "based on the same nucleus of facts as the misappropriation of

18   trade secrets claim for relief.");*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F.

19   Supp. 2d 216, 219 (D. Del. 2004) (interpreting CUTSA and holding that it "preempts common law

20   claims that 'are based on misappropriation of a trade secret.'"); *AccuImage*, 260 F. Supp. 2d at 954

21   (same).

22          In all of these cases, however, the proponent of the common law claim either alleged common

23   law trade secrets misappropriation or had a viable claim under CUTSA.  The Court finds no authority

24   holding that CUTSA preempts common law claims even if the confidential information is a protectible

25   interest other than a trade secret.  In light of the express limitation articulated in § 3426.7(b) – that

26   CUTSA does not affect "other civil remedies that are not based upon misappropriation of a trade secret"

27   – the Court declines to extend CUTSA preemption as far as defendants urge.

28

4

1    Defendants do not raise other arguments against plaintiff's proposed amendment or contend that

2  they would be prejudiced if plaintiff is granted the relief sought.  Accordingly, plaintiff's motion is

3  GRANTED.

4

5                                    **CONCLUSION**

6    For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's

7  motion for leave to file an amended complaint (Docket No. 41).

8    **IT IS SO ORDERED.**

9

10  Dated: April 1, 2009

                                            SUSAN ILLSTON
11                                           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California