IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THINK VILLAGE-KIWI, LLC,<br><br>    Plaintiff,<br>  v.<br><br>ADOBE SYSTEMS, INC and ADOBE MACROMEDIA SOFTWARE LLC,<br><br>    Defendants.<br>                                              / | No. C 08-04166 SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FIFTH, SIXTH AND SEVENTH CLAIMS OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants have filed a motion to dismiss the fifth, sixth, and seventh claims of plaintiff's first amended complaint. The motion is scheduled for hearing on June 5, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. **The case management conference scheduled for the same day remains on calendar.**

Having considered the papers submitted, and for good cause shown, the Court GRANTS IN PART AND DENIES IN PART defendants' motion.

**BACKGROUND**

**1.      Procedural Background**

On September 3, 2008, ThinkVillage-Kiwi ("TVK" or plaintiff) filed suit against defendants Adobe Systems, Inc. and Adobe Macromedia Software LLC (collectively, "Adobe"), alleging misappropriation of trade secrets, unfair competition, breach of contract, and breach of fiduciary duty. TVK filed a motion to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a) in order to add causes of action for common law misappropriation and breach of confidence. Adobe opposed the motion, arguing that amendment would be futile because the claims TVK sought to add were

preempted by California's Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 *et seq*. The Court granted TVK leave to amend its complaint. On April 1, 2009, plaintiff filed an amended complaint, alleging his original claims and adding the new claims for common law misappropriation and breach of confidence. Now before the Court is defendants' motion to dismiss plaintiff's claims for breach of fiduciary duty, common law misappropriation, and breach of confidence.

## 2. Factual Background[1]

Donavan Poulin is the founder and principal of Kiwi International Ltd. ("Kiwi"). Kiwi and Poulin created MyMCOM, a "developer tool and authoring environment" for creating applications that run on Adobe's Flash® Lite™ player and other devices. FAC ¶¶ 9, 14. Poulin engaged a consulting firm to help him find investors to develop MyMCOM. Kiwi, Poulin, and the consulting company signed a non-disclosure agreement regarding MyMCOM. Through the consulting company, Poulin retained Sue Thexton, a former employee of Macromedia, Inc., as a consultant. Thexton discouraged Poulin from seeking funding from any other funding source and proposed pursuing only Macromedia as a potential investor. Thexton did not disclose her prior relationship with Macromedia to Poulin. She arranged for Poulin to contact Stephen Elop, Macromedia's COO.

In January 2005, Poulin, Kiwi, and Macromedia, Inc. entered into a non-disclosure agreement (the "Macromedia NDA"). The agreement provides, in relevant part, that the parties are "engaged in discussion in contemplation of a business relationship." *See* Macromedia NDA ¶ A. In accordance with the Macromedia NDA, Poulin confidentially disclosed trade secrets, including technical and business plans for MyMCOM, to Macromedia, for the sole purpose of allowing Macromedia to evaluate this information. In October 2005, Macromedia informed Poulin that it no longer had any interest in the

---

[1] These facts are taken from TVK's first amended complaint ("FAC"). The FAC makes reference to the non-disclosure agreement between Kiwi International, Ltd. and Macromedia, Inc. The Court therefore may consider this document in ruling on defendants' motion to dismiss. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998), *superseded by statute on other grounds, as noted in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading.") (internal citation omitted). The non-disclosure agreement is attached as exhibit A to the declaration of James Pooley in support of defendants' motion to dismiss.

2

MyMCOM product and that it would be releasing its own developer tool and authoring platform. Macromedia announced on October 17, 2005 that it had created a new device that could "simulate the operation of Flash Lite applications and monitor performance characteristics such as CPU cycles used or memory occupied during the runtime of an operation." FAC ¶ 33. The emulator described in this announcement used the trade secrets provided by Poulin and Kiwi without their authorization and in violation of the Macromedia NDA. Macromedia, Inc. was acquired by and merged into Adobe to form Adobe Macromedia Software LLC. Poulin and Kiwi assigned their interests in MyMCOM to TVK.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal

3

quotation marks omitted).

## DISCUSSION

**1.     Breach of Fiduciary Duty**

Adobe moves to dismiss TVK's fifth cause of action, for breach of fiduciary duty, arguing that TVK has failed to allege an essential element of this claim: the existence of a fiduciary relationship. Adobe argues that existence of a fiduciary relationship is inconsistent with the terms of the parties' contract, which provides that the parties are "engaged in discussion in contemplation of a business relationship." *See* Macromedia NDA ¶ A. According to Adobe, a preliminary agreement such as this cannot give rise to a fiduciary relationship.

"Before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 385 (2008) (citation omitted). A fiduciary relationship is imposed by law if, for example, parties undertake a joint venture or partnership. *Id.* "[A] fiduciary relationship is not necessarily created simply when one party, in exchange for royalty payments, entrusts a secret invention to another party to develop, patent, and market the eventual product." *Id.* at 389. Factors relevant to the determination of whether a contract created a fiduciary relationship exists are: (1) whether the contract was between "two sophisticated parties of substantial bargaining power," (2) whether the parties were represented by counsel throughout the contact negotiations, (3) whether the contract has specified that the parties' relationship is not of the type in which fiduciary obligations are imposed by law, (4) whether one party's reliance on the other is "so substantial as to give rise to equitable concerns," and (5) whether the information exchanged by contract was secret. *Id.* at 389-91.

While the Macromedia NDA demonstrates that the parties' relationship was nascent, the Court finds that TVK has nonetheless alleged several facts that could support a finding that a fiduciary relationship existed between Poulin and Macromedia. TVK alleges that Poulin and Kiwi transferred secret information to Macromedia intending that it be kept secret. It also alleges that Poulin and Kiwi signed multiple non-disclosure agreements and relied on Thexton and Macromedia to keep information

4

confidential and that Thexton did not disclose her prior relationship with Macromedia to Poulin. The Court agrees with TVK these circumstances could raise equitable concerns. The allegation that Macromedia was a major corporation, while Poulin and Kiwi needed outside funding to develop MyMCOM, suggests that the parties had unequal bargaining power. In addition, the allegation that Poulin's contact at Macromedia was the COO of the company indicates that the negotiating parties did not have the same level of sophistication. Assuming that all of plaintiff's allegations are true and drawing all reasonable inferences in its favor, the Court finds that it is "plausible," *see Twombly*, 127 S. Ct. at 1974, that a fiduciary relationship existed between Poulin and Macromedia.

Accordingly, the Court DENIES defendants' motion as to this issue.

**2.      Breach of Confidence**

Adobe argues that TVK's sixth cause of action, for breach of confidence, is barred by the statute of limitations. "The tort of breach of confidence is based upon the concept of an implied obligation or contract between the parties." *Tele-Count Eng'rs, Inc. v. Pac. Tel. & Tel. Co.*, 168 Cal. App. 3d 455, 464 (1985). With a few exceptions not relevant here, the statute of limitations for an action "upon a contract, obligation or liability not founded upon an instrument of writing" is two years. Cal. Code Civ. Pro. § 339. Here, plaintiff alleges that the breach began in October 2005, with Macromedia's new product announcement. The complaint was not filed until September 2008. This claim is therefore barred by the two-year statute of limitations.[2] Plaintiff argues that the four-year statute of limitations for actions not otherwise provided for applies here. *See* Cal. Code Civ. § 343. This argument fails as actions founded on an implied contract are provided for in § 339.

Plaintiff does not suggest any additional facts that could cure this deficiency in the complaint, and none are apparent to the Court. Accordingly, the Court concludes that dismissal without leave to amend is proper and GRANTS defendants' motion to dismiss this claim with prejudice.

---

[2] Plaintiff's reliance on *F.D.I.C. v. McSweeney*, 976 F.2d 532, 534 (9th Cir. 1992), is misplaced. *McSweeney* noted that § 339 "provides a two-year limitations period for negligence actions." 976 F.2d at 534. Plaintiff implies that *McSweeney* held that § 339 applies *only* to negligence, which is not the case.

**3. Preemption**

Defendants argue that plaintiff's claims for breach of fiduciary duty, breach of confidence, and misappropriation are preempted by CUTSA. This argument is essentially a motion for reconsideration of the Court's prior ruling on this issue. Defendants' motion is procedurally improper because they did not seek leave to file a motion for reconsideration. In any event, reaching the merits of defendants' preemption argument, none of the arguments raised in defendants' papers demonstrates that reconsideration of the Court's prior order is warranted. Accordingly, defendants' motion is DENIED as to this issue.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART AND DENIES IN PART defendants' motion to dismiss plaintiff's first amended complaint.

**IT IS SO ORDERED.**

Dated: June 3, 2009

SUSAN ILLSTON
United States District Judge