IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THINK VILLAGE-KIWI,<br><br>         Plaintiff,<br><br>   v.<br><br>ADOBE SYSTEMS, ET AL.,<br><br>         Defendants.<br>_____ / | No. C 08-04166 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S DISCOVERY REQUESTS**<br>**[Docket Nos. 86, 88]** |

Plaintiff has filed two letter briefs concerning discovery disputes. Plaintiff seeks an order (1) compelling responses to interrogatories and document requests, and (2) compelling defendants to produce certain witnesses for deposition.

**1.    Plaintiff's Motion to Compel Responses to Interrogatories and Document Requests**

   **A.    Interrogatories 5 and 7**

Plaintiff seeks an order compelling defendants to respond to Interrogatories 5 and 7, which pertain to the development of defendants' Device Central software, the employees who contributed to the project, and the time period during which they did so. Plaintiff asserts that defendants have failed to provide verified responses to these interrogatories and to supplement the informal responses given on June 26, 2009 with complete time frames for all employees who worked on Device Central. Plaintiff also asserts that defendants have failed to identify all the documents responsive to Interrogatory 7.

With respect to plaintiff's first contention, defendant asserts that it has provided plaintiff with complete dates to the extent it has access to such information, and provided a verified response incorporating the information provided in its June 26 letter. With respect to plaintiff's second

contention regarding defendant's failure to identify documents responsive to the interrogatories, defendants state that the issue of identification was discussed at a June 5 meet and confer and that plaintiff's primary interest was in identification of witnesses and production, not listing, of the records related to the development of Device Central. Plaintiff's own submission appears to corroborate this position. *See* Sheikh Letter, ex. H to Decl. of David Mahalek in Supp. of Mot. to Compel Responses, at 3 [Docket No. 87]. Defendant asserts that it produced all of the requested documents ("Adobe has produced approximately **295 gigabytes** of records, and of these 85-90% can be deemed 'related' in some way to Device Central, in the sense that its lineage can be traced back over years of development work.") Nothing in the current motion demonstrates why production, as opposed to listing, is not adequate.

Because plaintiff is now in possession of the information sought, the Court DENIES as moot plaintiff's motion to compel interrogatory responses.

### B.     Document Request 30

Plaintiff's second request is for an order compelling defendants to produce a February 2005 agreement between Macromedia and Nokia regarding the technology underlying this dispute. The only portion of the agreement that has not been produced to plaintiff is Amendment No. 3. In a letter dated March 27, 2009, defense counsel indicated that defendants had in their possession an unsigned copy of Amendment No. 3, but wished to check with Nokia to see if Nokia had a final version of the amendment. Apparently after plaintiff filed the present motion to compel production, defendants informed plaintiffs that they were unable to obtain a copy of the amendment from Nokia, and forwarded the unsigned version that had been in defendants' possession.

These disputes are clearly the result of a breakdown in communication between the parties. Although defendant faults plaintiff for failing to inquire whether the requested documents were forthcoming before filing the present motions to compel, the Court observes that defendants apparently did not produce the requested documents until spurred to do so by plaintiff's filings. In any event, because plaintiff is now in possession of the information sought, the Court also DENIES as moot plaintiff's motion to compel further production of documents in response to Request 30.

**2.     Plaintiff's Motion to Compel Deposition Testimony**

**A.     Lack of Notice**

Plaintiff also seeks an order compelling defendants to produce 30(b)(6) witnesses on two topics: (1) the conception, design, development, and production of defendants' "Jingle" product, and (2) defendants' document management practices. Plaintiff deposed Jakub Plichta, defendants' 30(b)(6) designee with respect to the Jingle-related topics, and Carol Linburn, defendants' 30(b)(6) designee on document management practices, on July 23-24, 2009, but only in their personal capacities. Plaintiff now seeks an order compelling defendants to produce Plichta and Linburn as Rule 30(b)(6) witnesses. Plaintiff asserts that it lacked sufficient notice of defendants' designation of Plichta and Linburn as representative witnesses to prepare to question these witnesses on the 30(b)(6) topics at the July 23 and July 24 depositions.

The parties agreed on the dates of Plichta's and Linburn's depositions nearly a month in advance. Defense counsel stated in an email to plaintiff's counsel on June 29, 2009, "We will be producing Mr. Plichta and Ms. Linburn in their personal capacities and also for certain 30(b)(6) topics that we will designate immediately after we finish our meet and confer on the topics." *See* ex. 8 to Decl. of Colette Verkuil ("Verkuil Decl.") in Supp. of Oppo. to Mot. to Compel Depo. Testim. [Docket No. 93-8]. At a meet and confer on July 1, 2009, defense counsel stated that Plichta would be designated as defendants' 30(b)(6) witness for "the Jingle topics." *See* Verkuil Decl. ¶ 2. Defendants did not, however, provide formal notice of that designation, or of the designation of Linburn as the representative witness with respect to document management, until the evening of July 21, 2009, the day before plaintiff's counsel was set to travel from Chicago to California to take the Plichta and Linburn depositions. *Id.* ¶ 3. Defendants state that plaintiff should nonetheless have been prepared to take the 30(b)(6) depositions because the topics largely overlapped with the focus of the individual deposition questions.

Defendants are correct that plaintiff was not exactly blindsided by defendants' designations of Plichta and Linburn. On balance, however, the Court concludes that plaintiff is entitled to an opportunity to depose Plichta and Linburn separately on the 30(b)(6) topics. Individual and representative testimony are distinct in nature. Even if the general topics to be addressed at Plichta's

3

and Linburn's 30(b)(1) and 30(b)(6) depositions will overlap to some extent, the questions asked and the answers given might not. *See Sabre v. First Dominion Capital, LLC*, No. 01-2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.") (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994)).

Accordingly, the Court GRANTS plaintiff's motion to compel defendants to produce 30(b)(6) witnesses on the topics described (Topics 9-10, 28, and 32-35). The parties shall arrange for depositions of these witnesses as soon as possible, but no later than **October 19, 2009**, the deadline for the completion of non-expert discovery in this case. The depositions shall be taken at plaintiff's expense.

### B. Work-Product Privilege

Plaintiff seeks an order compelling defendants to produce a 30(b)(6) witness to answer certain questions regarding a statement made in a January 14, 2006 letter from Adobe's in-house counsel, Ray Campbell, to Dr. T.W. Stevenson, who at the time was acting as the agent of plaintiff's assignor, Kiwi, in asserting its claim against defendants. Plaintiff contends that defendants improperly asserted the attorney work-product privilege to prevent plaintiff from deposing various witnesses, including Adobe employees Fergus Hammond and Stephen Elop, regarding Campbell's statement in the letter that "many OEM emulators like Nokia" existed prior to defendants' development of Jingle, the product stemming from defendants' alleged theft of plaintiff's trade secrets. *See* Campbell Letter, ex. 10 to Verkuil Decl.

As described in plaintiff's letter brief, plaintiff's deposition questions sought yes or no answers regarding the following: whether defendants took steps to identify the Nokia emulator referred to in the Campbell letter; whether they succeeded in doing so; and whether they have documents regarding the emulator. *See* Pltf. Mot. to Compel Depo. Testim., at 5 [Docket No. 88]. Plaintiff did not seek to question defendants' witnesses regarding Campbell's mental impressions or the basis for the statements in the letter. The Court finds that these questions are not precluded by the attorney work-product privilege. *See Fin. Tech. Int'l, Inc. v. Smith*, No. 99 CIV 9351, 2000 WL 1855131, at *8 (S.D.N.Y. Dec.

4

19, 2000) ("The [work-product privilege] provides protection only for 'documents and tangible things' and does not bar discovery of facts a party may have discovered from documents."). Accordingly, the Court GRANTS plaintiff's motion to compel production of 30(b)(6) witness(es) for deposition regarding the Nokia emulator referred to in the Campbell letter. At the deposition(s), defendants may not assert the work-product privilege to bar responses to the questions addressed above.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to compel further responses to Interrogatories 5-7 and further production of documents in response to Document Request 30, and GRANTS plaintiff's motion to compel production of 30(b)(6) witnesses regarding Topics 9-10, 28, 32-35, and 36. [Docket Nos. 86, 88].

**IT IS SO ORDERED.**

Dated: October 5, 2009

SUSAN ILLSTON
United States District Judge

5